Submitted June 29, 2010, on appeal, convictions for felony murder (Counts 5 and 6) and robbery (Count 8) reversed and remanded; burglary conviction remanded for resentencing; otherwise affirmed; cross-appeal dismissed as moot March 2, 2011

STATE OF OREGON,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

VICTOR MANUEL PEREZ-CHI,
*Defendant-Appellant*
*Cross-Respondent.*

Clackamas County Circuit Court
CR0500103; A137433

255 P3d 497

Peter Gartlan, Chief Defender, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant-cross-respondent. Victor Manuel Perez-Chi filed the supplemental brief *pro se*.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, Ryan Kahn, Assistant Attorney General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent-cross-appellant. Denis M. Vannier, Assistant Attorney General, filed the supplemental brief.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of burglary, robbery, and two counts of felony murder. On appeal, he argues that the trial court erred in giving the "natural and probable consequences" uniform jury instruction regarding accomplice liability—an instruction that we have since held "is not an accurate statement of the law and that * * * probably created an erroneous impression of the law in the minds of the jurors." *State v. Lopez-Minjarez*, 236 Or App 270, 286-87, 237 P3d 223, *disposition modified on recons*, 237 Or App 688, 240 P3d 753 (2010). The state concedes that, under *Lopez-Minjarez*, the instruction was erroneous; it argues, however, that the error was harmless in this case.[1]

A recitation of the facts relevant to harmlessness would not benefit the bench, bar, or public. Suffice it to say that the jurors, on the facts of this case, likely were misled as to whether they were required to decide that the murder was committed "in the course of and in furtherance of" the robbery or burglary, ORS 163.115(1)(b), or whether they could instead decide that robbery and murder were the "natural and probable consequences" of an intended burglary. The erroneous instruction likely affected the jurors' deliberations as to the robbery and murder counts, and, ultimately, the verdict as well. We therefore reverse defendant's robbery and murder convictions and remand for a new trial on those counts.[2]

The state cross-appeals, arguing that the trial court erred in merging defendant's burglary and robbery convictions with one of his convictions for felony murder. Given our reversal of the robbery and murder convictions, the merger question is moot.

---

[1] The state also contends that *Lopez-Minjarez* was incorrectly decided, an argument we reject without discussion.

[2] Defendant does not argue that the instructional error was prejudicial with respect to his conviction for burglary, and we agree with the state that the error was harmless as to that conviction. Defendant has advanced two assignments of error regarding the admission of certain recorded testimony—assignments that, if correct, would require a reversal of the burglary conviction as well. We reject those assignments, and defendant's *pro se* contentions, without discussion.

On appeal, convictions for felony murder (Counts 5 and 6) and robbery (Count 8) reversed and remanded; burglary conviction remanded for resentencing; otherwise affirmed. Cross-appeal dismissed as moot.